# EXHIBIT A



null / ALL
**Transmittal Number: 27232729**
**Date Processed: 07/07/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Brad Orschel<br>Inspire Brands, Inc.<br>3 Glenlake Pkwy<br>Fl 5<br>Atlanta, GA 30328-3584 |
| **Electronic copy provided to:** | John Hopkins<br>Derek Ensminger<br>Matthew Becker<br>Bridget Peterson |

| | |
|---|---|
| **Entity:** | Jimmy John'S LLC<br>Entity ID Number  4154913 |
| **Entity Served:** | Jimmy John's LLC |
| **Title of Action:** | Kayla Gebhardt vs. Jimmy John's, LLC |
| **Matter Name/ID:** | Kayla Gebhardt vs. Jimmy John's, LLC (14297756) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Champaign County Circuit Court, IL |
| **Case/Reference No:** | 2023LA82 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 07/06/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Wolf Haldenstein Adler Freeman & Herz LLC<br>312-391-5059 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

2:23-cv-02168-CSB-EIL    # 1-1    Filed: 08/04/23    Page 3 of 29

| STATE OF ILLINOIS, CIRCUIT COURT<br>Champaign COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Kayla Gebhardt et al.<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Below "Defendants/ Respondents," enter the names of all people you are suing. | **Defendants / Respondents** *(First, middle, last name)*<br>Jimmy John's LLC<br>901 Adlai Stevenson Dr<br>Spfld, IL 62703 | 2023LA82<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

## IMPORTANT: You have been sued.

- Read all documents attached to this Summons.

- You MUST file an official document with the court within the time stated on this Summons called an *Appearance* and a document called an *Answer/Response*. If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

- All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efiling. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.

- You may be charged filing fees, but if you cannot pay them, you can file an Application for Waiver of Court Fees.

- It is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

- Need help? Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents. You can also get free legal information and legal referrals at illinoislegalaid.org. All documents referred to in this Summons can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.

- ¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

---

**Plaintiff/Petitioner:**

**Do not use this form** in these types of cases:

- All criminal cases
- Eviction
- Small Claims
- Divorce
- Order of protection
- Paternity
- Stalking no contact orders
- Civil no contact orders
- Adult guardianship
- Detinue
- Foreclosure
- Administrative review cases

For eviction, small claims, divorce, and orders of protection, use the forms available at ilcourts.info/forms. If your case is a detinue, visit illinoislegalaid.org for help.

**If you are suing more than 1 Defendant/Respondent,** attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk:

**1. Defendant/Respondent's address and service information:**

In **1a**, enter the name and address of the first Defendant/ Respondent you are serving. If you are serving a Registered Agent, include the Registered Agent's name and address here.

a. Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*:  Jimmy John's LLC

Registered Agent's name, if any:  Illinois Corporation Service Co.

Street Address, Unit #:  801 Adlai Stevenson Dr.

City, State, ZIP:  Springfield, IL 62703

Telephone: _____ Email: _____

In **1b**, enter a second address for the first Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*: _____

Street Address, Unit #: _____

City, State, ZIP: _____

Telephone: _____ Email: _____

In **1c**, check how you are sending your documents to this Defendant/ Respondent.

c. Method of service on Defendant/Respondent:

☑ Sheriff ☐ Sheriff outside Illinois: _____
*County & State*

☐ Special process server ☐ Licensed private detective

Check here if you are serving more than 1 Defendant/ Respondent. Attach an *Additional Defendant/ Respondent Address and Service Information* form for each additional Defendant/Respondent and write the number of forms you attached.

☐ **I am serving more than 1 Defendant/Respondent.**

I have attached _____ *Additional Defendant/Respondent Address*
*Number*

*and Service Information* forms.

In **2a**, enter the amount of money owed to you. Check **2b** if you are asking for the return of tangible personal property.

In **3**, enter your complete address, telephone number, and email address, if you have one.

**2. Information about the lawsuit:**

a. Amount claimed:  $ _____

☐ b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession).

**3. Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: Carl V. Malmstrom

Street Address, Unit #:  111 W. Jackson Blvd., Suite 1700

City, State, ZIP:  Chicago, IL 60604

Telephone: _____ Email:  malmstrom@whafh.com

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

**Important information for the person getting this form**

You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: ilcourts.info/forms.

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

**4. Instructions for person receiving this *Summons* (Defendant):**

☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address:  101 E. Main St.

City, State, ZIP:  Champaign, IL 61801

<table>
<tr><td>

In 4a, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

</td></tr>
</table>

b. Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
　　　　　*Date*　　　　　　　　*Time*　　　　　　　　　　　　　　*Courtroom*

**In-person at:** _____

_____
*Courthouse Address*　　　　*City*　　　　　　　　*State*　　　*ZIP*

OR

<table>
<tr><td>

In 4b, fill out:
• The court date and time the clerk gave you.
• The courtroom and address of the court building.
• The call-in or video information for remote appearances (if applicable).
• The clerk's phone number and website. All of this information is available from the Circuit Clerk.

</td></tr>
</table>

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

By telephone: _____
　　　　　　　　*Call-in number for telephone remote appearance*

By video conference: _____
　　　　　　　　　　　*Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
　　　　　　　　　　　　　*Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
　　*Website*

<table>
<tr><td>

**STOP!**
The Circuit Clerk will fill in this section.

</td></tr>
</table>

**Witness this Date:**　　6/24/2023

**Clerk of the Court:**　/s/ Susan McGrath

*(seal: CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT · CHAMPAIGN COUNTY ILLINOIS)*

---

**STOP! The officer or process server will fill in the Date of Service**

**Note to officer or process server:**

• If 4a is checked, this *Summons* must be served within 30 days of the witness date.
• If 4b is checked, this *Summons* must be served at least 21 days before the court date, unless 2b is also checked.
  o If 4b and 2b are checked, the *Summons* must be served at least 3 days before the court date.

Date of Service: _____
　　　　　　　　　*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

SU-S 1503.4　　　　　　　　　　　Page 3 of 5　　　　　　　　　　　(05/23)

Enter the Case Number given by the Circuit Clerk: **2023LA82**

**This form is approved by the Illinois Supreme Court and must be accepted in all Illinois Courts.**
**Forms are free at ilcourts.info/forms.**

| **STATE OF ILLINOIS,** **CIRCUIT COURT** | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|
| Champaign **COUNTY** | | |

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | Kayla Gebhardt et al. **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. Jimmy John's LLC **Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | 2023LA82 **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form. Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent.\*\***

**My name is** _____ **and I state**
             *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐ Personally on the Defendant/Respondent:
        ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____

    ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
        member or lives there:
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address, Unit#: _____
        City, State, ZIP: _____
        And left it with: _____
                *First, Middle, Last*
        ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
        and by sending a copy to this defendant in a postage-paid, sealed envelope to the
        above address on this date: _____ .

    ☐ On the Corporation's agent, _____
                      *First, Middle, Last*
        ☐ Male  ☐ Female  ☐ Non-Binary  Approx. Age: _____  Race: _____
        On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
        Address: _____
        City, State, ZIP: _____

☐ I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____
*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return:   $ _____
Miles _____      $ _____
Total                 $ 0 _____

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED
SIXTH JUDICIAL CIRCUIT

6/13/2023 1:27 PM
By: SWM

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS**
**SIXTH JUDICIAL CIRCUIT**

| | |
|---|---|
| KAYLA GEBHARDT, GARY GRANT, LAINA JENKINS, SIA MOODY, RACHEL ROBIDOUX, and RANDALL SEGGEBRUCH on behalf of themselves and all others similarly situated, | Case No.: _____ |
| Plaintiff, | **2023LA000082** |
| v. | |
| JIMMY JOHN'S, LLC, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Kayla Gebhardt, Gary Grant, Laina Jenkins, Sia Moody, Rachel Robidoux, and Randall Seggebruch individually and on behalf of all others similarly situated, bring this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Jimmy John's, LLC ("Defendant"), and alleges as follows based on personal knowledge as to themselves and on the investigation of counsel, and demand trial by jury:

### NATURE OF ACTION

1. Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1] A "biometric identifier" is a personal feature unique to an individual, such as a voiceprint, fingerprint, handprint, iris scan, scan of face geometry, among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4.      In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using -- without providing notice, obtaining informed written consent or publishing data retention policies – the voiceprint and associated personally identifying information of thousands of consumers nationwide whom Defendant has served at drive-throughs equipped with voice recognition technology. Jimmy Johns collects and stores in a database customers voiceprints when customers order food at certain of its drive-throughs for the purpose of increasing sales.

2

5.     If Defendant's database of digitized voiceprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes.  BIPA confers on Plaintiff and all other similarly situated consumers a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends.  Yet Defendant never adequately informed any of its customers of its biometrics collection practices, never obtained written consent from any of its customers regarding its biometric practices, and never provided any data retention or destruction policies to any of its customers.

6.     Plaintiffs bring this action to prevent Defendant from further violating Illinois law, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## PARTIES

7.     Plaintiff Kayla Gebhardt is, and has been at all relevant times, a resident and citizen of Lomax, Illinois.  Ms. Gebhardt used the drive-through at Jimmy Johns' Burlington, Iowa location.

8.     Plaintiff Gary Grant is, and has been at all relevant times, a resident and citizen of Athens, Ohio.  Mr. Grant used the drive-through at Jimmy Johns' Athens, Lancaster, and Columbus, Ohio locations.

9.     Plaintiff Laina Jenkins is, and has been at all relevant times, a resident and citizen of Matoaka, West Virginia.  Ms. Jenkins used the drive-through at Jimmy Johns' Roanoke, Virginia location.

10.     Plaintiff Sia Moody is, and has been at all relevant times, a resident and citizen of Glen Ellyn, Illinois. Ms. Moody used the drive-through at Jimmy Johns' Glen Ellyn, Illinois location.

11.     Plaintiff Rachel Rabidoux is, and has been at all relevant times, a resident and citizen of Jefferson City, Tennessee.  Ms. Rabidoux used the drive-through at Jimmy Johns' Berwyn, Illinois location.

12.     Plaintiff Randall Seggebruch is, and has been at all relevant times, a resident and citizen of Newark, Illinois. Mr. Seggebruch used the drive-through at Jimmy Johns' Morris, Illinois location.

13.     Defendant is a corporation that maintains its headquarters in Champaign, Illinois. Defendant owns, operates, oversees, and controls the "Jimmy Johns" brand of restaurants.

## JURISDICTION AND VENUE

14.     The Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant's headquarters are located in the state of Illinois and because Plaintiff's claims arise out of Defendant's unlawful in-state actions as Defendant captured, collected, stored, used and profited from Plaintiff's biometrics in this state.

15.     Venue is proper in Champaign County, Illinois because Defendant conducts business in Champaign, Illinois and thus resides there under § 2-102.

## FACTUAL BACKGROUND

### I.      Illinois's Biometric Information Privacy Act

16.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (I) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

4

> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

17.    Section 15(a) of BIPA also provides:
> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

18.    As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, voiceprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

## II.    Defendant Violates Illinois's Biometric Information Privacy Act

19.    Defendant utilizes technology at its drive-throughs which records customers' voices when a customer verbally places an order. This technology extracts customers' voiceprint biometrics to determine unique features of the customer's voice such as pitch, volume and duration to provide future targeted up-selling and increases in drive-through operation efficiency.

20.    Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its customers' voiceprints during the drive through ordering process where Defendant's biometrics technology is used – all without ever informing anyone of this practice in writing.

5

21.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed consumers of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

22.     In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

### III.     Plaintiffs' Experiences

23.     Plaintiffs each utilized Defendant's drive-throughs and on information and belief had their voiceprints captured, collected, and stored by Defendant.

24.     Plaintiff Gebhardt used the drive-through at the Burlington, Iowa store approximately 20 times during the relevant time period

25.     Plaintiff Grant used the drive-through at the Athens, Lancaster, and Columbus, Ohio locations approximately 50 time during the relevant time period.

26.     Plaintiff Jenkins used the drive-through at the Roanoke, Virginia location approximately 15 times during the relevant time period.

27.     Plaintiff Moody used the drive-through at the Glenn Ellyn, Illinois location approximately 114 times between 2018 and May 2023.

28.     Plaintiff Rabidoux used the drive-through at the Berwyn, Illinois store approximately 120 times during the relevant time period.

29.     Plaintiff Seggebruch used the drive-through at the Morris, Illinois store approximately 50 times during the relevant time period.

30.     Defendant recorded Plaintiffs voices at some point when they used the drive-through and extracted their voiceprint biometrics.  Defendant stored Plaintiffs' voiceprint biometrics were stored in an electronic database and compared against Plaintiffs' voiceprint biometrics upon a subsequent use of the drive-through ordering system.

31.     Plaintiffs never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of their unique biometric identifiers or biometric information.

32.     Further, Defendant never provided Plaintiffs with nor did Plaintiffs ever sign a written release allowing Defendant to collect or store their unique biometric identifiers or biometric information.

33.     Likewise, Defendant never provided Plaintiffs with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of their unique biometric identifiers or biometric information.

34.     By collecting Plaintiffs' unique biometric identifiers or biometric information without their consent, written or otherwise, Defendant invaded Plaintiffs' statutorily protected right to maintain control over their biometrics.

35.     Finally, Defendant never provided Plaintiffs with a retention schedule and/or guidelines for permanently destroying their biometric identifiers and biometric information.

## CLASS ALLEGATIONS

36.     **Class Definitions**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Nationwide Class"):

> All individuals who had their voiceprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant.

Plaintiffs Moody, Robidoux, and Seggebruch also bring this action pursuant to 735 ILCS 5/2-801 on behalf of a subclass of similarly situated individuals, defined as follows (the "Illinois Subclass")

> All individuals who had their voiceprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

The Nationwide Class and Illinois Subclass are referred to collectively as "the Classes"

The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.     **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to amount to be in at least the thousands, of persons. It is, therefore, impractical to join each member of the Classes as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

38.     **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)  whether Defendant collected or otherwise obtained Plaintiffs' and the Classes' voiceprints;

(b)  whether Defendant collected or otherwise obtained Plaintiffs' and the Classes' biometric identifiers or biometric information;

(c)  whether Defendant properly informed Plaintiffs and the Classes that it collected, used, and stored their biometric identifiers or biometric information;

8

(d)  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Classes' biometric identifiers or biometric information;

(e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f)  whether Plaintiffs' and the Classes' biometric information that Defendant collected was capable of identifying them; and

(g)  whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

39.  **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are fairly and adequately represent and protect the interests of the Classes. Neither Plaintiffs nor their counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Classes. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Classes, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Classes or additional claims as may be appropriate.

40.  **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.

Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

**FIRST CAUSE OF ACTION**
Violation of 740 ILCS 14/1, *et seq.*
**(On Behalf of all Plaintiffs and the Nationwide Class)**

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

43. Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

44. Plaintiffs and the Nationwide Class members are individuals who had their voiceprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

45. Plaintiffs and the Nationwide Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' voiceprints, that uniquely identifies the individual to whom a particular voiceprint belongs.

46.     Defendant systematically collected, used, and stored Plaintiffs' and the Nationwide Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

47.     In fact, Defendant failed to properly inform Plaintiffs or the Nationwide Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiffs or the Nationwide Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

48.     In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiffs or the Nationwide Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiffs and the Nationwide Class members with a retention schedule or guidelines for permanently destroying Plaintiffs' or the Nationwide Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

49.     Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiffs' and/or the Nationwide Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiffs and each Nationwide Class member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

50.     On behalf of themselves and the proposed Nationwide Class, Plaintiffs seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed

intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of herself and the proposed Classes, respectfully requests that this Court enter an Order:

A.   Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiffs as representative of the Nationwide Class, appointing Plaintiffs Moody, Robidoux, and Seggebruch as representatives of the Illinois Subclass, and appointing their counsel as Class Counsel;

B.   Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C.   Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D.   Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E.   Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

F.   Awarding Plaintiffs and the Classes pre- and post-judgment interest, to the extent allowable; and

G.   Awarding such other and further relief as equity and justice may require.

## SECOND CAUSE OF ACTION
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass)

51.    Plaintiffs Moody, Robidoux, and Seggebruch incorporates the foregoing allegations as if fully set forth herein.

52.    BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b).

53.    Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

54.    Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass members are individuals who had their voiceprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

55.    Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiffs Moody and Robidoux and the Illinois Subclass members' voiceprints, that uniquely identifies the individual to whom a particular voiceprint belongs.

56.    Defendant systematically collected, used, and stored Plaintiffs Moody, Robidoux, Seggebruch and the Illinois Subclass members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

57.    In fact, Defendant failed to properly inform Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

58.    In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiffs Moody, Robidoux, and Seggebruch or the Illinois Subclass, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass members with a retention schedule or guidelines for permanently destroying Plaintiffs' or the Nationwide Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

59.    Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiffs Moody, Robidoux, and Seggebruch and the Illinois Subclass members' biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiffs Moody, Robidoux, and Seggebruch and each Illinois Subclass member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

60.    On behalf of themselves and the proposed Illinois Subclass, Plaintiffs Moody, Robidoux, and Seggebruch seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent

14

committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of herself and the proposed Classes, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiffs as representative of the Nationwide Class, appointing Plaintiffs Moody, Robidoux, and Seggebruch as representatives of the Illinois Subclass, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiffs and the Classes pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Dated: June 13, 2023                    Respectfully submitted,

                                        /s/   *Carl V. Malmstrom*

                                        **WOLF HALDENSTEIN ADLER**

15

**FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin*
Arun G. Ravindran*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
        aravindran@hedinhall.com

*\*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*

FILED
SIXTH JUDICIAL CIRCUIT

6/23/2023 2:00 PM
By: SWM

*Susan W. McGrath*

CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF CHAMPAIGN COUNTY, ILLINOIS**
**SIXTH JUDICIAL CIRCUIT**

| |
|---|
| KAYLA GEBHARDT, GARY GRANT, LAINA JENKINS, SIA MOODY, RACHEL ROBIDOUX, and RANDALL SEGGEBRUCH on behalf of themselves and all others similarly situated, |
| |
| Plaintiff, |
| |
| v. |
| |
| JIMMY JOHN'S, LLC, |
| |
| Defendant. |

Case No.: 2023LA82

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION[1]

Plaintiffs Kayla Gebhardt, Gary Grant, Laina Jenkins, Sia Moody, Rachel Robidoux, and Randall Seggebruch, individually and on behalf of all others similarly situated, by and through their undersigned attorneys, respectfully move this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, for an Order certifying this litigation as a class action on behalf of the following class (sometimes collectively referred to as the "Class"):

> All individuals who had their voiceprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant.

Plaintiffs hereby reserve the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of her claims on a class-wide basis using the same evidence as would be

---

[1] Plaintiffs request that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiffs are filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question. *Id.* at **19.

used to prove those elements in individual actions alleging the same claims.

In support of their motion,[2] Plaintiffs state as follows:

1.      **Introduction.**  This is a class action lawsuit through which Plaintiffs, individually and on behalf of the Class described herein, seeks damages from Defendant for Defendant's violation of the Illinois Biometric Information Privacy Act ("BIPA").

2.      This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq.*  Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation.  As discussed below, each of these requirements is satisfied:

3.      **Numerosity** – 735 ILCS 5/2-801(1).  The numerosity requirement is satisfied where "joinder of all members is impracticable."  "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable."  *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 at *6 (N.D. Ill. Apr. 28, 2009).[3]  Here, as alleged in the Complaint, the exact number of class members is known only to Defendant, but in the absence of any discovery to date, that the number is believed to be at least several thousands.

_____

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file her opening memorandum of law in support thereof after sufficient discovery has been allowed.  In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court."  *Id.* at **24.

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action.  Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois."  *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

3.     **Commonality** – 735 ILCS 5/2-801(2).  The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim. *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Class, namely persons who provided their voiceprints to Defendant while ordering from Defendant.

In this case, the common questions of law or fact include, among others:

(a)  whether Defendant collected or otherwise obtained Plaintiffs' and the Classes' voiceprints;

(b)  whether Defendant collected or otherwise obtained Plaintiffs' and the Classes' biometric identifiers or biometric information;

(c)  whether Defendant properly informed Plaintiffs and the Classes that it collected, used, and stored their biometric identifiers or biometric information;

(d)  whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Classes' biometric identifiers or biometric information;

(e)  whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for

3

collecting or obtaining such identifiers or information has been satisfied or within

3 years of their last interaction, whichever occurs first;

(f)  whether Plaintiffs' and the Classes' biometric information that Defendant

collected was capable of identifying them; and

(g)  whether Defendant's violations of BIPA were committed intentionally,

recklessly, or negligently.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the

Plaintiff and all members of the alleged class, commonality is easily established here. "It is proper

to allow a class action where a defendant is alleged to have acted wrongfully in the same basic

manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App.

3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

    **4.**    **Adequacy** – 735 ILCS 5/2-801(3).  The adequacy requirement is satisfied where

the "representative parties will fairly and adequately protect the interest of the class."

> The purpose of the adequate representation requirement is to ensure that all class members
> will receive proper, efficient, and appropriate protection of their interests in the
> presentation of the claim. The test to determine the adequacy of representation is whether
> the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiffs have no interests antagonistic to the interests of absent class members, and

Plaintiffs have retained counsel that sre qualified, experienced, and generally able to conduct the

proposed litigation.  Compl. ¶ 32.

    **5.**    **Appropriateness** – 735 ILCS 5/2-801(4).  The appropriateness requirement is

satisfied where the "class action is an appropriate method for the fair and efficient adjudication of

the controversy."  Further,

4

In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

Here, where there are thousands of potential consumer class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties.

**WHEREFORE**, Plaintiffs respectfully request that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2) appointing Plaintiff as representative of the Class; and (3) appointing Plaintiff's attorneys as Class Counsel.

Dated:  June 23, 2023                                  Respectfully submitted,

/s/   *Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
ARDC No. 6295219
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel:  (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

***Local Counsel for Plaintiff and the Putative Class***

5

**HEDIN HALL LLP**
Frank S. Hedin*
Arun Ravindran*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinhall.com
aravindran@hedinhall.com

*Pro Hac Vice Application Forthcoming*

**Counsel for Plaintiff and the Putative Class**