UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINICK POLIZZI, RACHEL ROBIDOUX, and GEORGIA BAIN on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY JOHN'S, LLC,<br><br>Defendant. | Case No.: 2:23-cv-02168-CSB-EIL<br><br>Judge: Hon. Colin S. Bruce |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Dominick Polizzi, Rachel Robidoux, and Georgia Bain individually and on behalf of all others similarly situated, bring this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Jimmy John's, LLC ("Defendant"), and alleges as follows based on personal knowledge as to themselves and on the investigation of counsel, and demand trial by jury:

### NATURE OF ACTION

1. Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining the requisite prior informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1] A "biometric identifier" is a personal feature unique to an individual, such as a voiceprint, fingerprint, handprint, iris scan, scan of face geometry, among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a). Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics. *Id.* 15/15(c).

4. In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, Defendant is actively collecting, storing, and using – without providing notice, obtaining informed written consent or publishing data retention policies – the voiceprint and associated personally identifying information of thousands of consumers nationwide whom Defendant has served at drive-throughs equipped with voice recognition technology. Jimmy Johns collects and stores in a database customers' voiceprints when customers order food at certain of its drive-throughs for the purpose of increasing sales.

5. If Defendant's database of digitized voiceprints were to fall into the wrong hands, by data breach or otherwise, individuals to whom these sensitive biometric identifiers belong could have their identities stolen or their financial and other highly personal information breached and used for nefarious purposes. BIPA confers on Plaintiff and all other similarly situated consumers a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after their employment with the company ends. Yet Defendant never adequately informed any of its customers of its biometrics collection practices, never obtained written consent from any of its customers regarding its biometric practices, and never provided any data retention or destruction policies to any of its customers.

6. Plaintiffs bring this action to prevent Defendant from further violating Illinois law, and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## PARTIES

7. Plaintiff Dominick Polizzi is, and has been at all relevant times, a resident and citizen of Aurora, Illinois. Mr. Polizzi used the drive-through at multiple Jimmy Johns' locations in Champaign, Illinois and Urbana, Illinois.

8. Plaintiff Rachel Robidoux is, and has been at all relevant times, a resident and citizen of Jefferson City, Tennessee. Ms. Rabidoux used the drive through at Jimmy Johns' locations in Lafayette, Indiana and West Lafayette, Indiana.

9. Plaintiff Georgia Bain is, and has been at all relevant times, a resident and citizen of West Memphis, Arkansas. Ms. Bain used the drive-through at Jimmy Johns' Cordova, Tennessee location.

10. Defendant is a corporation that maintains its headquarters in Champaign, Illinois. Defendant owns, operates, oversees, and controls the "Jimmy Johns" brand of restaurants.

**JURISDICTION AND VENUE**

11. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

12. Personal jurisdiction and venue are proper because Defendant maintains its headquarters and principal place of business in Champaign, Illinois, within this judicial District.

**FACTUAL BACKGROUND**

**I. Illinois's Biometric Information Privacy Act**

13. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers biometric information, unless it first:

> (l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

14. Section 15(a) of BIPA also provides:
A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the

individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

15. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, voiceprints) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

**II.  Defendant Violates Illinois's Biometric Information Privacy Act**

16. Defendant utilizes technology at its drive-throughs which records customers' voices when a customer verbally places an order. This technology extracts customers' voiceprint biometrics to determine unique features of the customer's voice such as pitch, volume and duration to provide future targeted up-selling and increases in drive-through operation efficiency.

17. Unbeknownst to the average consumer, and in direct violation of § 15(b)(1) of BIPA, Defendant scans and collects, and then indefinitely stores in an electronic database, digital copies of its customers' voiceprints during the drive through ordering process where Defendant's biometrics technology is used – all without ever informing anyone of this practice in writing.

18. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendant never informed consumers of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from any of these individuals.

19. In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**III. Plaintiffs' Experiences**

20. Plaintiffs each utilized Defendant's drive-throughs and on information and belief had their voiceprints captured, collected, and stored by Defendant.

21. Plaintiff Polizzi used the drive-through at Jimmy Johns stores in Champaign, Illinois and Urbana, Illinois, more than 20 times during the relevant time period.

22. Plaintiff Rabidoux used the drive-through at Jimmy Johns stores in Lafayette and West Lafayette, Indiana more than five times during the relevant time period.

23. Plaintiff Bain used the drive-through at Jimmy Johns store in Cordova, Tennessee during the relevant time period.

24. Defendant recorded Plaintiffs voices at some point when they used the drive-through and extracted their voiceprint biometrics. Defendant stored Plaintiffs' voiceprint biometrics were stored in an electronic database and compared against Plaintiffs' voiceprint biometrics upon a subsequent use of the drive-through ordering system.

25. Plaintiffs never consented, agreed or gave permission – written or otherwise – to Defendant for the collection or storage of their unique biometric identifiers or biometric information.

26. Further, Defendant never provided Plaintiffs with nor did Plaintiffs ever sign a written release allowing Defendant to collect or store their unique biometric identifiers or biometric information.

27. Likewise, Defendant never provided Plaintiffs with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of their unique biometric identifiers or biometric information.

28. By collecting Plaintiffs' unique biometric identifiers or biometric information without their consent, written or otherwise, Defendant invaded Plaintiffs' statutorily protected right to maintain control over their biometrics.

29. Finally, Defendant never provided Plaintiffs with a retention schedule and/or guidelines for permanently destroying their biometric identifiers and biometric information.

## CLASS ALLEGATIONS

30. **Class Definitions**: Plaintiffs brings this action pursuant to Fed. R. Civ. P. 23 on behalf of a class of similarly situated individuals, defined as follows (the "Nationwide Class"):

> All individuals who had their voiceprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant.

Plaintiff Polizzi also brings this action pursuant to Fed. R. Civ. P. on behalf of a subclass of similarly situated individuals, defined as follows (the "Illinois Subclass")

> All individuals who had their voiceprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois.

The Nationwide Class and Illinois Subclass are referred to collectively as "the Classes"

The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

32. Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

33. This Class Action Complaint seeks injunctive relief and monetary damages.

34. Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and

belief, Plaintiff alleges that the FTSA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

35. This action may properly be brought and maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

36. On application by Plaintiff's counsel for class certification, Plaintiff may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

37. **Numerosity**: The number of persons within the Classes is substantial, believed to amount to be in at least the thousands, of persons. It is, therefore, impractical to join each member of the Classes as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

38. **Typicality**: The claims of the named Plaintiffs are typical of the claims of members of the Classes because Plaintiffs and all members of the proposed Plaintiff Classes have suffered similar injuries as a result of the same practices alleged herein. Plaintiffs have no interests to advance adverse to the interests of the other members of the proposed Plaintiff Classes.

39. **Commonality and Predominance**: There are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiffs' and the Classes' voiceprints;

(b) whether Defendant collected or otherwise obtained Plaintiffs' and the Classes' biometric identifiers or biometric information;

(c) whether Defendant properly informed Plaintiffs and the Classes that it collected, used, and stored their biometric identifiers or biometric information;

(d) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Classes' biometric identifiers or biometric information;

(e) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(f) whether Plaintiffs' and the Classes' biometric information that Defendant collected was capable of identifying them; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

40.     **Adequate Representation**: Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are fairly and adequately represent and protect the interests of the Classes. Neither Plaintiffs nor their counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Classes. Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Classes, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint

9

to include additional Class representatives to represent the Classes or additional claims as may be appropriate.

41. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Plaintiffs anticipate no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

**FIRST CLAIM FOR RELIEF**
**Violation of 740 ILCS 14/1,** *et seq.*
**(On Behalf of all Plaintiffs and the Nationwide Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

44. Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

45. Plaintiffs and the Nationwide Class members are individuals who had their voiceprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

46. Plaintiffs and the Nationwide Class members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code, derived from Plaintiff's and the Class members' voiceprints, that uniquely identifies the individual to whom a particular voiceprint belongs.

47. Defendant systematically collected, used, and stored Plaintiffs' and the Nationwide Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

48. In fact, Defendant failed to properly inform Plaintiffs or the Nationwide Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiffs or the Nationwide Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

49. In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiffs or the Nationwide Class members, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiffs and the Nationwide Class members with a retention schedule or guidelines for permanently destroying Plaintiffs' or the Nationwide Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

50. Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiffs' and/or the Nationwide Class's biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiffs and each Nationwide Class member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

51. On behalf of themselves and the proposed Nationwide Class, Plaintiffs seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**SECOND CLAIM FOR RELIEF**
**Violation of 740 ILCS 14/1, *et seq*.**
**(On Behalf of Plaintiff Polizzi and the Illinois Subclass)**

52. Plaintiff Polizzi incorporates the foregoing allegations as if fully set forth herein.

53. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

54. Defendant is a corporation and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

55. Plaintiff Polizzi and the Illinois Subclass members are individuals who had their voiceprints, i.e., "biometric identifiers," collected and stored by Defendant. *See* 740 ILCS 14/10.

56. Plaintiff Polizzi and the Illinois Subclass members are individuals who had their "biometric information" collected and stored by Defendant in the form of digitally encrypted code,

derived from Plaintiff Polizzi's and the Illinois Subclass members' voiceprints, that uniquely identifies the individual to whom a particular voiceprint belongs.

57. Defendant systematically collected, used, and stored Plaintiff Polizzi's and the Illinois Subclass members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

58. In fact, Defendant failed to properly inform Plaintiff Polizzi and the Illinois Subclass in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiff Polizzi and the Illinois Subclass members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

59. In addition, Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff Polizzi or the Illinois Subclass, as required by BIPA. *See* 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff Polizzi and the Illinois Subclass members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Nationwide Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

60. Each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff Polizzi's and the Illinois Subclass members' biometric identifiers and biometric information as described herein constitutes a separate violation of the statute and of the right of Plaintiff Polizzi and each Illinois Subclass member to maintain control over these biometric identifiers and biometric information, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

61. On behalf of themselves and the proposed Illinois Subclass, Plaintiff Polizzi seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers;

(2) statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2)); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Classes, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiffs as representative of the Nationwide Class, appointing Plaintiff Polizzi as representatives of the Illinois Subclass, and appointing their counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS l4/1, *et seq.*;

C. Awarding statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) (or, alternatively, of $5,000.00 for each and every violation of BIPA to the extent committed intentionally or recklessly pursuant to 740 ILCS 14/20(2));

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, including, *inter alia*, an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

E. Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

F. Awarding Plaintiffs and the Classes pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Dated: August 11, 2023                                          Respectfully submitted,

/s/   *Carl V. Malmstrom*

Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin*
Arun G. Ravindran*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
          aravindran@hedinhall.com

*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff and the Putative Class*