**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| DOMINICK POLIZZI, RACHEL ROBIDOUX, and GEORGIA BAIN, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 2:23-cv-02168-CSB-EIL |
| Plaintiffs, | ) ) | Hon. Judge Colin S. Bruce |
| v. | ) ) | |
| JIMMY JOHN'S, LLC, | ) ) | |
| Defendant. | ) | |

**JIMMY JOHN'S, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Jimmy John's, LLC ("Jimmy John's"), by and through its undersigned counsel, hereby moves to dismiss the Second Amended Class Action Complaint ("SAC") (Dkt. 13) filed by Plaintiffs Dominick Polizzi, Rachel Robidoux, and Georgia Bain (together "Plaintiffs"), individually and on behalf of others similarly situated, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof, Jimmy John's respectfully states as follows:

1.	Plaintiffs' SAC does not state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). And a complaint should be dismissed if "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Under these well-established principles, the SAC warrants dismissal in its entirety.

2.	The First Cause of Action does not state a claim under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/15, *et seq*. for two reasons. <u>First</u>, it is undisputed

that BIPA does not apply extraterrirotialy. Therefore, Plaintiffs Robidoux and Bain, and the class they attempt to represent, may not bring BIPA claims based on transactions that that took place entierly outside of Illinois. <u>Second</u>, the SAC does plead allegations sufficient to meet the standard required by *Iqbal*.

3.      The Second Cause of Action does not state a claim under BIPA becase it does not plead allegations sufficient to meet the standard required by *Iqbal*.

4.      Jimmy John's is contemporaneously filing a Memorandum of Law in support of this Motion, which it expressly incorporates by reference as if fully stated herein.

WHEREFORE, Defendant Jimmy John's, LLC respectfully requests that this Court enter an Order: (i) graning Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6); (ii) dismissing Plaintiffs' Second Amended Complaint in its entirety and with prejudice; and (iii) awarding any additional relief the Court deems just and proper.

Dated:  November 1, 2023

Respectfully submitted,

JIMMY JOHN'S LLC

By:  /s/ *David M. Poell*
One of Its Attorneys

David M. Poell (ARDC #6302765)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Tel: (312) 499-6300
Fax: (312) 499-6301
dpoell@sheppardmullin.com

*Counsel for Defendant Jimmy John's, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, David Poell, an attorney, hereby certify that on this 1st day of November 2023, a true and correct copy of the foregoing document was filed via this Court's CM/ECF filing service, which effects service on all counsel of record in this matter.

/s/ *David M. Poell*
*Counsel for Defendant*