UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINICK POLIZZI, RACHEL ROBIDOUX, and GEORGIA BAIN on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JIMMY JOHN'S, LLC,<br><br>    Defendant. | Case No.: 2:23-cv-02168-CSB-EIL |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO FILE A REPLY
IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

Plaintiffs Dominick Polizzi, Rachel Robidoux, and Georgia Bain file their opposition to Defendant's Motion to File a Reply in Further Support of Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint ("the Motion") (ECF No. 20, cited herein as "Mot.") and state as follows:

(1)    Defendant filed its Motion to Dismiss the Second Amended Complaint (the "MTD") on November 1, 2023.  (ECF No. 16).  The MTD raises four grounds: (1)  The claims of Plaintiffs Roubidoux and Bain – who allege their voiceprints were captured in Indiana and Tennessee respectively – are barred by Illinois's extraterritoriality doctrine; (2) that Plaintiff Roubidoux and Bain's claims are violative of the dormant commerce clause; (3) that the claims of all the named Plaintiffs are barred because the Second Amended Complaint fails to allege an "active step" insofar as the allegations lack concerning particularity how Defendant's voiceprint technology works; and (4) that because of foregoing arguments Plaintiffs' 15(a) claim fails because

Plaintiffs have failed to plausibly allege Defendant captured and stored Plaintiffs' and the class members' biometrics. (*See generally* ECF No. 17).[1]

(2)  Plaintiffs' opposition to the MTD (ECF No. 19, cited herein as "Opp.") addresses only these four grounds.  As to the Defendant's extraterritoriality contention, Plaintiffs asserts that Second Amended Complaint's allegations do not allege BIPA violations which occurred outside of Illinois and relies primary on the same authority cited by Defendant, the Illinois Supreme Court's decision in *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E. 2d 801, 853 (2005) in support. (Opp. at 4-10).  Plaintiffs respond to Defendant's commerce clause argument similarly, by asserting that Second Amended Complaint allegations about Defendant's Illinois-based conduct defeat a dormant commerce clause argument.  (*Id.* at 10-13). As to Defendant's sufficiency argument, Plaintiffs simply rely on the text of the Second Amended Complaint and asserts that their pled allegations meet the *Iqbal/Twombly* plausibility standard.  (*Id.* at 3-4) Plaintiffs further cites federal and state authority which have found that pleading a BIPA claim requires a Plaintiff plead only that a Defendant collected biometric information after the statute's enactment, not the extra-statutory requirement of activeness. (*Id.* at 13-14).  Finally, Plaintiffs addressed Defendant's argument that Plaintiffs failed to state a 15(a) claim by asserting that Plaintiffs have in fact alleged Defendant possessed Plaintiffs biometrics without consent.  (*Id.* at 15).

(3)  Defendant asserts that a reply is warranted because Plaintiffs have made "various assertions not supported by law" and that a reply will allow the Court to have the "full benefit of all material legal arguments." (Mot. at 2).  As to the first ground, the Court can easily assess the cited authorities on their face.  As to the second, Defendant has had its opportunity to make its

---

[1] As a final point the Motion further asserts that Plaintiffs should not be allowed leave to amend their Second Amended Complaint.

legal argument in its initial MTD. Plaintiffs have not added anything new, they have merely responded point by point. "Typically, the Court does not allow the moving party to file a reply in order to introduce new arguments that could have been included in the motion itself, or to rehash arguments made in the motion." *Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). Here, quite simply, there is nothing for Defendant to reply to and this Court specifically disallows the filing of a reply which merely reiterates the opening brief's arguments. *See e.g. Siddhar v. Puvalai*, No. 13-CV-3148, 2019 WL 13210559, at *1 (C.D. Ill. Aug. 6, 2019) (Bruce, J.) (denying motion for leave to file a reply finding "The court first addresses Plaintiff's Motion (#51) for leave to file a reply. The court finds that Plaintiff's Motion to Vacate (#42) fully presents his arguments. The information in his proposed Reply (#51-1) largely repeats the arguments in his initial motion[.]")

(4)     Defendant also claims in a cursory fashion it will be "prejudiced" unless it is permitted to file a reply. (Mot. at 2). However, each side has had a full opportunity to present its legal arguments and authorities in support. Plaintiff has not raised any new ground not originally raised by the motion or any authority which Defendant could not have addressed in its original Motion. Accordingly, the Court should deem the briefing completed.

WHEREFORE, for the foregoing reasons, the Motion should be denied.

DATED: December 26, 2023

Respectfully Submitted,
By: /s/ Carl V. Malmstrom
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

Frank S. Hedin*
Arun G. Ravindran*
HEDIN HALL LLP
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinhall.com
aravindran@hedinhall.com
Tel: (305) 357-2107

*Counsel for Plaintiff and the Putative Class*
*Pro Hac Vice Application Forthcoming